IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02828-BNB

ANTHONY T. KINNEY,

     Applicant,

v.

BRANDON SHAFFER, Chairman of Colorado Parole Board,
E. DIGGINS, Denver Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER TO FILE PRELIMINARY RESPONSE

---

Applicant, Anthony T. Kinney, currently is incarcerated at the Denver County Jail.

Mr. Kinney, acting *pro se*, filed an amended Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (ECF No. 17) challenging the validity of his parole

proceedings.

As part of the preliminary consideration of the amended Application for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241, and pursuant to *Keck v. Hartley*, 550 F.

Supp. 2d 1272 (D. Colo. 2008), the Court determined that a limited Preliminary

Response is appropriate.  Respondents are directed pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts to file a Preliminary

Response limited to addressing whether any of Applicant's claims are moot and the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to raise

these affirmative defenses, Respondents must notify the Court of that decision in the

Preliminary Response.  Respondent may not file a dispositive motion as the Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Finally, the Court notes that Applicant lists Brandon Shaffer, Chairman of the Colorado Parole Board, and E. Diggins, Denver Sheriff as Respondents in the caption of the Application.  The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Although E. Diggins is properly named because Applicant is challenging the State of Colorado parole proceedings, the Court has included for purposes of a response the Attorney General of the State of Colorado.  If the state attorney general, Brandon Shaffer, or E. Diggins is not an appropriate Respondent, the state attorney general should advise the Court who is the proper Respondent and move for a substitution of party.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order**

Respondent shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the**

**Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise moottness or

the affirmative defenses of timeliness or exhaustion of state court remedies,

Respondent must notify the Court of that decision in the Preliminary Response.

Dated:  November 6, 2014

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge

3